*51 OPINION OF THE COURT
Per Curiam.
By order filed on December 28, 2005, the Supreme Court of California disbarred the respondent in that state, and struck his name from the roll of attorneys. The order was predicated on a decision and order of inactive enrollment filed on August 17, 2005, by the State Bar Court of California.
The December 28, 2005, order was preceded by a prior order of the same court. On January 20, 2005, the Supreme Court of California filed an order in case No. S128998 in which it disciplined the respondent by placing him on two years’ stayed suspension and two years’ probation with conditions, including a one-year period of actual suspension, which would continue until he made restitution to six clients for a combined total of $20,150 in unearned legal fees and to one client for a $950 fee he charged and collected illegally. The January 20, 2005, order also directed the respondent to comply with subdivisions (a) and (c) of rule 955 of the California Rules of Court, within 30 and 40 days, respectively, after the effective date of the order. Rule 955 (a) required the respondent to provide notice to all clients and opposing counsel of his suspension and disqualification, and rule 955 (c) required that the respondent file with the Clerk of the State Bar Court a declaration showing that he had complied with rule 955 (a).
A copy of the January 20, 2005, order, which became effective February 19, 2005, was mailed to the respondent. The respondent failed to file the declaration required by rule 955 (c) by the March 31, 2005, deadline. As a consequence, a separate disciplinary proceeding (case No. S138272) was initiated by the California State Bar. The respondent was charged with violating his duty, under section 6103 of the California Business and Professions Code, to comply with court orders in the course of his profession, by willfully disobeying an order of the Supreme Court of California directing him to comply with rule 955 of the California Rules of Court, specifically his failure to file the declaration required under rule 955 (c).
As stated in the decision and order of inactive enrollment, which was filed on August 17, 2005, the respondent defaulted. The State Bar Court found, by clear and convincing evidence, that the respondent willfully violated section 6103, as charged, and concluded that the respondent should be disbarred. The State Bar Court found no mitigating factors. The respondent’s failure to respond was considered to be an aggravating factor.
*52 By order filed on December 28, 2005, the Supreme Court of California disbarred the respondent in that state and struck his name from the roll of attorneys.
Although he was served by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts with a copy of its notice pursuant to 22 NYCRR 691.3 on January 10, 2013, the respondent has not filed a verified statement. Since he has neither asserted any defenses nor demanded a hearing, there is no impediment to the imposition of reciprocal discipline.
Based on the discipline imposed by the Supreme Court of California, the Grievance Committee’s application to impose reciprocal discipline is granted, and the respondent is disbarred, effective immediately.
Rivera, J.E, Skelos, Dillon, Angiolillo and Balkin, JJ., concur.
Ordered that the application of the petitioner to impose reciprocal discipline is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Bret Jay Davis, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Bret Jay Davis, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Bret Jay Davis, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee or another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Bret Jay Davis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).